# Exhibit A

Electronically Filed
5/8/2025 10:39 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP (CIV)**

**HANRATTY LAW GROUP**
Kevin M. Hanratty, Esq.
Nevada Bar No. 7734
Ani Biesiada, Esq.
Nevada Bar No. 14347
1815 Village Center Circle, Suite 140
Las Vegas, Nevada 89134
Phone: (702) 821-1379
Fax: (702) 870-1846
Email: kevinh@hanrattylawgroup.com
Email: anib@hanrattylawgroup.com
*Counsel for Plaintiff David Seaman*

CASE NO: A-25-918585-C
Department 7

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| DAVID SEAMAN, individually;<br><br>Plaintiff,<br><br>vs.<br><br>GNLV CORP d/b/a GOLDEN NUGGET HOTEL & CASINO, a Nevada Limited Liability Company, ROE MAINTENANCE COMPANY, DOES I-X, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No.:<br>Dept No.:<br><br>**<u>COMPLAINT FOR:</u>**<br>**1. Negligence;**<br>**2. Negligent Hiring, Training and Supervision; and**<br>**3. Respondeat Superior/Agency.** |

COMES NOW the Plaintiff, DAVID SEAMAN, by and through his attorneys, Kevin M. Hanratty, Esq. and Ani Biesiada, Esq. of HANRATTY LAW GROUP, and hereby complains alleges as follows:

## I. PARTIES

1. At all relevant times, Plaintiff DAVID SEAMAN ("Plaintiff") is and was a resident of Gresham, Oregon and over the age of eighteen.

2. On information and belief, at all relevant times, Defendant GNLV CORP d/b/a GOLDEN NUGGET HOTEL & CASINO ("Defendant") is and was a Nevada Limited Liability Company licensed to do business in the County of Clark, State of Nevada.

3. On information and belief, at all relevant times, Defendant owns, operates, and/or manages a casino and hotel located at 129 E Fremont St, Las Vegas, Nevada 89101 ("Subject Area"), which is in the County of Clark, State of Nevada.

4. At all relevant times, Defendant had a Non-Delegable Duty to maintain the Subject property and area where the subject incident occurred in a reasonably safe condition at the time of the subject slip and fall incident.

5. Upon information and belief, at all times relevant, Defendants ROE MAINTENANCE COMPANY, DOES I-X, and ROE CORPORATIONS I-X also own, operate, and/or manage the property located at 129 East Fremont, Las Vegas, Nevada 89101, commonly known as GOLDEN NUGGET HOTEL & CASINO.

6. Upon information and belief, at all times relevant, Defendant ROE MAINTENANCE COMPANY ("ROE MAINTENANCE") is and/or was an entity conducting business at the Subject Area and doing so as an entity external to the political subdivision.

7. Plaintiff alleges that the true names and capacities, whether individual, corporate, associate or otherwise of the Defendants ROE MAINTENANCE COMPANY, ROE BUSINESS ENTITIES I through X, inclusive, and DOES I through X, inclusive, are unknown to the Plaintiff who therefore sues said Defendants by fictitious names. Defendants designated as ROE MAINTENANCE COMPANY, DOES I through X, and/or ROE BUSINESS ENTITIES I through X are owners, agents, employers, employees, lessors, lessees, landscapers, property managers, maintenance, municipalities, corporations, state entities, insurers, individuals and/or corporations and/or entities responsible for common areas, parking lots, and/or sidewalk/roadway

area, successors and/or predecessors in interest, designers, manufacturers, distributors, contractors, subcontractors, assigns or other. They may also be owners, agents, employers, employees, lessors, lessees, landscapers, property managers, maintenance, individuals, municipalities, corporations, state entities, insurers and/or corporations and/or entities responsible for common areas, parking lots and/or sidewalk/roadway areas, successors and/or predecessors in interest, designers, builders, manufacturers, distributors, contractors, subcontractors, assigns of the Defendant, ROE MAINTENANCE COMPANY, ROE BUSINESS ENTITIES I through X, and/or DOES I through X or individuals otherwise within possession of and/or control of and/or ownership of and/or responsibility for the Subject Area's premises, parking lots, and/or sidewalks/roadways, owned, cared for and/or managed by Defendant, as herein alleged, including the building, constructing, modifying, designing, landscaping, management, maintenance, inspection, safety, and care of the premises, parking lots, and/or sidewalk/walkway/roadway areas.

8. Plaintiff is informed, believes, and thereon alleges that each of the Defendants designated as a ROE MAINTENANCE COMPANY, ROE BUSINESS ENTITY and/or a DOE are in some manner negligently, vicariously, strictly, contractually and/or statutorily responsible for the events and happenings referred to herein and caused damages directly and proximately to Plaintiff as herein alleged.

9. Plaintiff is informed, believe, and allege that Defendants designated herein as a DOES and/or ROES CORPORATION are any one of the following:

a. A party responsible in some manner for the events and happenings hereunder referred to, and in some manner that proximately caused injuries and damages to the Plaintiff as herein alleged including, but not limited to, the improperly maintained Subject Area that caused Plaintiff to slip and fall as set forth below.

b. Parties that were the agents, servants, authorities and contractors of the Defendants, each of them acting within the course and scope of their agency, employment, or contract;

c. Parties that own, lease, manage, operate, secure, inspect, repair, maintain and/or are responsible for the property owned and operated by the Defendants at the time of this incident; and/or

d. Parties that have assumed or retained the liabilities of any of the Defendants by virtue of an agreement, trust, sale, transfer or otherwise.

10. Plaintiff is informed, believes, and thereon alleges that Defendants, DOES 1 through X are employers of Defendants who may be liable for Defendants' negligence pursuant to NRS 41.130, which states:

> Except as otherwise provided in NRS 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

11. Plaintiff alleges that the activities described in this Complaint are performed by each named or unnamed Defendant, either individually or in concert with the others, or with the knowledge, encouragement, or direction of one or more of the other named or unnamed Defendants, and therefore those Defendants are jointly, separately liable, and vicariously liable for the injuries and causes of action further described in this Complaint.

12. Plaintiff will ask leave of this Court to amend her Complaint to insert the true names of such Defendants when the same have been ascertained.

//

## II. JURISDICTION AND VENUE

13. Jurisdiction is proper in this court pursuant to the Nevada Constitution, Article 6, § 6, NRS 30.010, et seq., and because the acts and omissions complained of herein occurred within Clark County, Nevada. Further, the amount in controversy exceeds $15,000.

14. Venue is proper in this Court pursuant to NRS 13.040.

## III. GENERAL ALLEGATIONS

15. Plaintiff repeats and realleges the previous paragraphs as though fully set forth herein.

16. This is a slip and fall incident.

17. Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES (collectively, herein after referred to as "Defendants") own, operate, and/or manage the GOLDEN NUGGET LAS VEGAS.

18. On or about June 21, 2023, Plaintiff suddenly and without warning slipped and fell violently on pooled water that had accumulated on the hard tile floor after Defendant was on notice that the bathroom was leaking water inside his hotel room at the Golden Nugget Las Vegas.

19. Plaintiff fell with such force that he struck his head and sustained serious injuries to his left shoulder, left arm, neck, and head.

20. At the time of the fall, there were no warning signs or any other indicators in the vicinity of the hazardous condition.

21. Plaintiff alleges that the negligence, carelessness, and/or recklessness of Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES, and their respective agents, employees, subsidiaries, contractors, and/or subcontractors, caused the hazardous condition that led to Plaintiff's fall and resulting injuries.

22. At all relevant times, the failure of these Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES to properly inspect, repair, or warn of the water leak constituted an unreasonable, unsafe, and hazardous condition, negligently maintained and dangerous to guests, patrons, and the general public.

23. Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES knew or reasonably should have known of the existence of the unsafe conditions in Plaintiff's hotel room bathroom and the risk it posed. Despite this prior knowledge, Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES failed to take reasonable steps to correct the plumbing defect or to protect hotel guests from the resulting danger.

24. As a direct and proximate result of the fall caused by Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES's negligence, Plaintiff suffered significant bodily injuries, including but not limited to trauma to his head, neck pain, and pain to his left shoulder and arm, all of which have required and will continue to require extensive medical care and treatment.

25. As a result of Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES's negligence, Plaintiff violently struck his head on the tile floor, causing serious injuries to his head, neck, left shoulder, and left arm. Plaintiff has undergone extensive medical care to treat his injuries and is expected to require ongoing and future treatment as a result of the trauma sustained.

26. As a direct and proximate result of the aforesaid negligence, carelessness and/or recklessness of Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES, and each of them, Plaintiff suffered injuries in his health, strength, and activity, sustaining shock and injury to his body, nervous system and person, all of which have caused and will continue to case Plaintiff

physical, mental and nervous pain and suffering, along with permanent injuries and scarring, all to Plaintiff's general damages in excess of $15,000.00.

27. As a direct and proximate result of the aforesaid negligence, carelessness and/or recklessness of Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES, and each of them, Plaintiff has incurred and continues to incur medical expenses, possible future medical expenses, loss of enjoyment of life, lost wages, lost earning capacity, future lost wages, and possible permanent impairment, all to Plaintiff's damages in an amount in excess of $15,000.00.

28. As a direct result of Defendants' negligence, Plaintiff has been required to retain the services of counsel to prosecute this claim and is entitled to an award of attorney's fees and costs incurred herein.

## IV. FIRST CLAIM FOR RELIEF

**(Negligence)**
**(Against All Defendants)**

29. Plaintiff repeats and realleges the prior paragraphs as though fully set forth herein.

30. Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES, and each of them, had a duty of care to keep, and/or maintain the Subject Area in good condition and free from unreasonable, unsafe, dangerous, and/or hazardous conditions and/or defects and to warn person on said premises of unreasonable, unsafe, dangerous, and/or hazardous conditions.

31. Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES, and each of them, breached their duty of care when they failed to ensure a reasonably maintain the plumbing in the Subject Area which was in an unreasonable, unsafe, dangerous, and/or hazardous condition created by the water leak in the Subject Area in succession, causing Plaintiff to violently fall onto the hard floor, resulting in serious injuries.

32. Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES, and each of them, knew or should have known of the unreasonable, unsafe, dangerous, and/or hazardous

condition created by the water leak in the Subject Area in succession, causing Plaintiff to violently fall onto the hard floor, resulting in serious injuries.

33. Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES, and each of them, unreasonably, negligently, carelessly and/or recklessly by: creating an unreasonable, unsafe, dangerous, and/or hazardous condition without providing sufficient warning; failing to take reasonable steps to safeguard patrons from the risks associated with the unreasonable, unsafe, dangerous, and/or hazardous condition created the water leak in the Subject Area; and/or by failing to provide reasonable warning to notify patrons of the unreasonable, unsafe, dangerous and/or hazardous condition.

34. Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES, and each of them, are vicariously liable to Plaintiff for the negligent actions and/or failures to act of their employees, managers, agents, assigns, contractors, subcontractors and/or others as named herein.

35. As a direct and proximate result of the aforesaid negligence, carelessness and/or recklessness of Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES, and each of them, Plaintiff suffered injuries in his health, strength, and activity, sustaining shock and injury to his body, nervous system and person, all of which have caused and will continue to case Plaintiff physical, mental and nervous pain and suffering, along with permanent injuries and scarring, all to Plaintiff's general damages in excess of $15,000.00.

36. As a direct and proximate result of the aforesaid negligence, carelessness and/or recklessness of Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES, and each of them, Plaintiff has incurred and continues to incur medical expenses, possible future medical expenses, loss of enjoyment of life, lost wages, lost earning capacity, future lost wages, and possible permanent impairment, all to Plaintiff's damages in an amount in excess of $15,000.00.

37. As a direct result of Defendants' negligence, Plaintiff has been required to retain the services of counsel to prosecute this claim and is entitled to an award of attorney's fees and costs incurred herein.

**V. SECOND CAUSE OF ACTION**
**(Negligent Hiring, Training and Supervision Against Defendant)**
**(Against All Defendants)**

38. Plaintiff repeats and realleges the prior paragraphs as though fully set forth herein.

39. On June 21, 2023, at said time and place, Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES, and each of them, had a duty of care to Plaintiff.

40. Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES, and each of them, had advanced knowledge that employees, managers, agents, assigns, contractors, subcontractors and/or others as named herein were unfit for the purposes of properly maintaining, notifying, advising, correcting, and/or warning all guests of the water leak in the Subject Area, which poses a significant risk of injuries to guests/patrons, including Plaintiff, and employed such employees, managers, agents, assigns, contractors, subcontractors and/or others as named herein with conscious disregard to the rights and safety of their guests within Clark County, Nevada.

41. At all times mentioned, Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES, and each of them, knew or should have known that the improper training and supervision of Defendants' employees, managers, agents, assigns, contractors, subcontractors and/or others as named herein would create an unreasonably dangerous condition and it was reasonably foreseeable that the improper training and/or supervision of Defendants' employees, managers, agents, assigns, contractors, subcontractors and/or others as named herein would jeopardize the safety of their guests, which Defendants knew or should have known would result in serious injury.

42. Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES, and each of them, breached their duty of care by hiring employee even though Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES, and each of them, knew or should have known the employee was unfit for the position for which the employee was hired.

43. The breach by Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES, and each of them, was the legal cause of Plaintiff's injuries.

44. As a direct and proximate result of the aforesaid negligence, carelessness and/or recklessness of Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES, and each of them, Plaintiff suffered injuries in his health, strength, and activity, sustaining shock and injury to her body, nervous system and person, all of which have caused and will continue to case Plaintiff physical, mental and nervous pain and suffering, along with permanent injuries and scarring, all to Plaintiff's general damages in excess of $15,000.00.

45. As a direct and proximate result of the aforesaid negligence, carelessness and/or recklessness of Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES, and each of them, Plaintiff has incurred and continues to incur medical expenses, possible future medical expenses, loss of enjoyment of life, lost wages, lost earning capacity, future lost wages, and possible permanent impairment, all to Plaintiff's damages in an amount in excess of $15,000.00.

46. As a direct result of Defendants' negligence, Plaintiff has been required to retain the services of counsel to prosecute this claim and is entitled to an award of attorney's fees and costs incurred herein.

**VI. THIRD CAUSE OF ACTION**
**(Respondeat Superior/Agency Against Defendant)**

47. Plaintiff repeats and realleges the prior paragraphs as though fully set forth herein.

48. Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES, and each of them, had advanced knowledge that employees, managers, agents, assigns, contractors,

subcontractors and/or others as named herein were unfit for the purposes of properly maintaining, notifying, advising, correcting, repairing, and/or warning all guests of the Subject Area of the water leak located in the hotel room of the Subject Area, which poses a significant risk of injuries to guests/patrons, including Plaintiff, and employed such employees, managers, agents, assigns, contractors, subcontractors and/or others as named herein with conscious disregard to the rights and safety of their guests within Clark County, Nevada.

49. Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES, and each of them, expressly authorized or ratified the wrongful acts of the employees, managers, agents, assigns, contractors, subcontractors and/or others as named herein and such employees, managers, agents, assigns, contractors, subcontractors and/or others as named herein were acting within the scope and course of their employment with Defendants.

50. Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES, and each of them, were either acting as the principal or as the agent of each other while Defendants were acting as an agent, servant, and/or employee of Defendants for whose service benefited the other party when Plaintiff's violent fall incident occurred.

51. Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES, and each of them, were acting within the scope of their agency and while furthering their business interests when Plaintiff's violent fall occurred.

52. As a direct and proximate result of the aforesaid negligence, carelessness and/or recklessness of Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES, and each of them, Plaintiff suffered injuries in his health, strength, and activity, sustaining shock and injury to her body, nervous system and person, all of which have caused and will continue to case Plaintiff physical, mental and nervous pain and suffering, along with permanent injuries and scarring, all to Plaintiff's general damages in excess of $15,000.00.

53. As a direct and proximate result of the aforesaid negligence, carelessness and/or recklessness of Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES, and each of them, Plaintiff has incurred and continues to incur medical expenses, possible future medical expenses, loss of enjoyment of life, lost wages, lost earning capacity, future lost wages, and possible permanent impairment, all to Plaintiff's damages in an amount in excess of $15,000.00.

54. As a direct result of Defendants' negligence, Plaintiff has been required to retain the services of counsel to prosecute this claim and is entitled to an award of attorney's fees and costs incurred herein.

\\\

\\\

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for Judgment against Defendant, ROE MAINTENANCE COMPANY, DOES AND ROES, and each of them as follows:

(1) For general and special damages in the sum in excess of $15,000.00;

(2) For an award of attorney's fees and costs;

(3) For medical expenses;

(4) For lost wages;

(5) For pre and post judgment interest; and

(6) For such other and further relief as the Court deems just and proper under the circumstances.

DATED this 8th day of May, 2025.

**HANRATTY LAW GROUP**

**By:__*/s/ Ani Biesiada, Esq.*__________________**
Kevin M. Hanratty, Esq.
Nevada Bar No. 7734
Ani Biesiada, Esq.
Nevada Bar No. 14347
1815 Village Center Circle, Suite 140
Las Vegas, Nevada 89134
*Counsel for Plaintiff David Seaman*