**HANRATTY LAW GROUP**
Kevin M. Hanratty, Esq.
Nevada Bar No. 7734
Ani Biesiada, Esq.
Nevada Bar No. 14347
1815 Village Center Circle, Suite 140
Las Vegas, Nevada 89134
Phone: (702) 821-1379
Fax: (702) 870-1846
Email: kevinh@hanrattylawgroup.com
Email: anib@hanrattylawgroup.com
*Counsel for Plaintiff David Seaman*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID SEAMAN, individually;<br><br>Plaintiff,<br><br>vs.<br><br>GNLV LLC, a Nevada Limited Liability Company, ROE MAINTENANCE COMPANY, DOES I-X, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No: 2:25-cv-01010-BNW<br><br>**STIPULATION AND ORDER TO CONTINUE DISCOVERY**<br>**(FIRST JOINT REQUEST)** |

COME NOW, the parties above named, by and through counsel, and move the Honorable Magistrate Judge for an Order continuing Discovery and submit the instant Stipulation in accordance with LR 6-1 and LR 26-4. The parties have conferred and agree that an extension of discovery is both necessary and warranted. This request contains basis to extend for good cause.

The parties met and conferred on June 24, 2025 pursuant to FRCP 26(f). The parties have exchanged their respective FRCP 16.1 Productions. A proposed stipulated discovery plan and scheduling order was presented to the Court, and the Court issued its Order Approving Discovery Plan on July 8, 2025 [Doc 17]. Thereafter the Parties have been actively working to provide disclosures and obtain documents via discovery. As such and in order to complete timely initial factual and expert discovery, the parties respectfully request an extension of the current discovery

**1** of **6**

dates. The parties have conferred and agree that an additional extension of time in which to complete all remaining discovery is warranted, good cause exists for the extension, and the parties submit an additional extension of time is warranted, as detailed herein.

An extension of time for discovery is necessary and good cause exists for the extension pursuant to Local Rule 26-4. Pursuant to that Rule, the parties submit the following:

The parties hereby request that the close of discovery in this matter be continued for ninety days (90) days. This Stipulation is supported by good cause, and the request to extend the date for close of discovery was submitted prior to twenty-one days before the close of discovery.

This Stipulation is supported by good cause. Since the Court issued its Order Approving Discovery Plan [Doc 17], the parties have worked diligently to complete discovery, but were unable to complete all necessary discovery and disclose experts, and as such, require additional time to disclose experts, and set depositions of treating doctors and experts due. The parties are now working to complete necessary discovery, but require time in which to do so.

Specifically, Defense is working with Plaintiff's counsel to obtain all necessary, outstanding medical records (pre and post-accident, as well as for continuing injury claims) and in order to set necessary treating provider and expert depositions within the discovery period, and in order to appropriate supplemental expert reporting may be completed and the parties continue to working together to notice several depositions of experts.

The failure to complete initial factual and expert discovery is the result of excusable neglect. Specifically, the parties have encountered difficulty in setting plaintiff's deposition as is more fully explained above, due to scheduling and availability.

Despite party efforts, additional time is required in order to complete the aforementioned.

An extension of time in which to complete discovery is necessary, good cause exists for the extension pursuant to Local Rule 26-4 and the failure to complete discovery was the result of excusable neglect and is supported by good cause as described herein. The parties need time in

which to conduct necessary depositions of relevant experts in connection with Plaintiff's claims of continuing injury.

An extension of time in which to complete discovery is necessary, good cause exists for the extension pursuant to Local Rule 26-4 and the request for extension for extension of the close of discovery in order to complete necessary depositions and discovery. Specifically, the parties are working to set the deposition of Plaintiff and complete initial expert discovery. Thus, the parties need time in which to explore additional issues presented during litigation, with respect to Plaintiff's claims, obtain necessary records and conduct necessary depositions in connection with Plaintiff's claims of continuing injury.

An extension is also warranted and good cause exists because Defendant has been diligent in its efforts to obtain relevant medical records, billing, and documents (for both pre and post-accident treatment and conditions) but has not yet received all of the records sought, and to enable the parties to gather evidence necessary in which to support any request for dispositive relief in this matter, and so that the parties may adequately prepare their case in anticipation of trial.

The parties are requesting an extension of the close of discovery so testimony of relevant experts and party representatives may be obtained and expert reporting completed. Thereafter, further time is necessary in order for the parties to provide an expert with relevant records for expert review and evaluation, with resulting opinion.

This Stipulation and request for extension of the close of discovery is made more than twenty-one (21) days before the expiration of the deadline for discovery in this case, and initial expert disclosure deadline which is currently October 9, 2025.

**(a) DISCOVERY THAT HAS BEEN COMPLETED:**

Counsel for the respective parties participated in a discovery planning conference pursuant to Fed.R.Civ.P. 26(f). Lists of witnesses and document productions were thereafter exchanged by and between the parties, as well as several supplemental productions made by the parties hereto.

Following Defendant's initial disclosures, Plaintiff propounded written discovery on Defendant which has been responded to, and parties are currently working to resolve deficient discovery responses. During discovery, Defendant requested that Plaintiff provide executed authorizations to obtain additional, relevant pre and post-accident records to which Plaintiff is currently working on returning to Defendant.

**(b) DISCOVERY THAT REMAINS TO BE COMPLETED PURSUANT TO LR 26-3(b):**

The parties are currently in the process of conducting additional written and factual discovery, followed by depositions of parties, experts and treating physicians. Specifically, the parties are currently working to set the deposition of each party, followed by providers and medical experts. Additionally, the parties anticipate potentially conducting additional expert discovery, and additional factual and expert discovery and depositions.

**(c) REASONS DISCOVERY WILL NOT BE COMPLETED WITHIN THE TIME LIMITS SET BY THE DISCOVERY PLAN:**

Further time is necessary for the parties to address and resolve outstanding discovery deficiencies. These deficiencies must be resolved before the scope of additional discovery can be properly determined, and the parties anticipate that further written discovery and disclosures will follow once those issues are addressed.

In addition, until the resolution of these deficiencies, the parties have been unable to complete the scheduled site inspection, which remains essential to the claims and defenses in this matter. The delay in conducting this inspection has impacted the ability to move forward with related expert work and depositions.

Further time is also required to complete both party and expert discovery. This includes the depositions of fact witnesses, treating physicians, and retained experts. The timeline has been complicated by delays in obtaining necessary medical authorizations for Plaintiff.

Additional time is needed to depose parties and treating providers, obtain and analyze supplemental medical and documentary evidence, and disclose and prepare additional experts as necessary. Counsel are working cooperatively to complete the remaining discovery, but despite diligent efforts, additional time is required to ensure a full and fair development of the record for dispositive motion practice and trial.

**(d) PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY**:

The parties hereby stipulate and request that discovery dates in this matter be continued for an additional **ninety (90)** days.

| CURRENT DATE | PROPOSED DATE |
| --- | --- |
| Close of Discovery: December 8, 2025 | March 9, 2026 |
| Amend Pleadings/Add Parties: September 9, 2025 | Unchanged |
| Expert Disclosures: October 9, 2025 | January 7, 2026 |
| Rebuttal Experts: November 10, 2025 | February 9, 2026 |
| Dispositive Motions: January 7, 2026 | April 7, 2026 |
| Pre-Trial Order: February 6, 2026 | May 7, 2026 |

DATED this 6th day of October, 2025.        DATED this 3rd day of October, 2025.

**HANRATTY LAW GROUP**                        **HALL & EVANS, LLC**

*/s/ Ani Biesiada, Esq.*                      */s/ David M. Sexton, Esq.*
Kevin M. Hanratty, Esq.                       Kurt R. Bonds, Esq.
Nevada Bar No. 7734                           Nevada Bar No. 6228
Ani Biesiada, Esq.                            David M. Sexton, Esq.
Nevada Bar No. 14347                          Nevada Bar No. 14951
1815 Village Center Circle                    1160 North Town Center Drive
Suite 140                                     Suite 330
Las Vegas, NV 89134                           Las Vegas, Nevada 89144
*Attorneys for Plaintiff*                     *Attorneys for Defendant GNLV LLC*

**IT IS SO ORDERED**

**DATED:** 12:19 pm, October 08, 2025

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**