**HALL & EVANS, LLC**
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
DAVID M. SEXTON, ESQ.
Nevada Bar No. 14951
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022
nvefile@hallevans.com
bondsk@hallevans.com
sextond@hallevans.com
*Attorneys for Defendant GNLV LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAVID SEAMAN, individually;

Plaintiff,

v.

GNLV LLC, a Nevada Limited Liability Company, ROE MAINTENANCE COMPANY, DOES I-X, and ROE CORPORATIONS I-X, inclusive,

Defendants.

CASE NO.: 2:25-cv-01010-GMN-BNW

**STIPULATION AND ORDER TO CONTINUE DISCOVERY**

**(FOURTH JOINT REQUEST)**

COME NOW, the parties above named, by and through counsel, and move the Honorable Magistrate Judge for an Order continuing Discovery and submit the instant Stipulation in accordance with LR 6-1 and LR 26-4. The parties have conferred and agreed that an extension of discovery is both necessary and warranted. This request contains basis to extend for good cause.

///

///



HALL & EVANS, LLC
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022

The parties met and conferred on June 24, 2025 pursuant to FRCP 26(f). The parties have exchanged their respective FRCP 16.1 Productions. A proposed stipulated discovery plan and scheduling order was presented to the Court, and the Court issued its Order Approving Discovery Plan on July 8, 2025 [Doc 17]. Thereafter the Parties have been actively working to provide multiple disclosures and obtain documents via discovery. As such and in order to timely complete remaining fact discovery (the second half of the FRCP 30(b)(6) deposition of Defendant, the deposition of Plaintiff's girlfriend, and responses to additional written discovery), the parties respectfully request an extension of the current discovery dates. The parties have conferred and agree that an additional extension of time in which to complete all remaining discovery is warranted, good cause exists for the extension, and the parties submit an additional extension of time is warranted, as detailed herein.

An extension of time for discovery is necessary and good cause exists for the extension pursuant to Local Rule 26-4. Pursuant to that Rule, the parties submit the following:

The parties hereby request that the close of discovery in this matter be continued for 60 days. This Stipulation is supported by good cause. Since the Court issued its Order Approving Discovery Plan [Doc 17] and since the Court issued its Minute Order on the Parties' previous stipulation [Doc 26], the parties have worked diligently to complete discovery and have also attempted private mediation. However, mediation was unsuccessful and other complications arose that have made it necessary for the parties to request 60 more days to complete the last depositions needed and respond to final written discovery. The parties are now working to complete necessary discovery but require time in which to do so.

///

///

///

HALL & EVANS, LLC
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022

Plaintiff's deposition has been completed after the Parties worked through a discovery dispute. Discovery efforts were also delayed by the birth of Defendant's counsel's fourth child, as well as some subsequent hospital stays related to health issues in Defendant's counsel's family. However, the Parties have engaged in extensive meet-and-confer efforts over discovery disputes, which have included supplemental discovery responses and disclosures from Defendant. Additionally, Plaintiff took the FRCP 30(b)(6) deposition of Defendant's designated witness for certain desired topics and held off on other topics while the parties attended private mediation. The private mediation took place on September 29, 2026. Following mediation, the mediator issued a proposal that remained open for acceptance until October 9, 2026, when it expired. Unfortunately, that mediation was not successful in resolving this matter and it is now necessary for Plaintiff to take the remainder of Defendant's FRCP 30(b)(6) deposition. Now that mediation was unsuccessful, Defendant also needs to depose Plaintiff's girlfriend who was with him on his trip to Las Vegas. Plaintiff also served additional requests for admission and requests for production of documents after mediation was unsuccessful, but the deadline for responding to those requests is currently outside the close of discovery. Finally, Defendant has recently had internal turnover that will require additional time to get the necessary individuals within Defendant's organization up-to-speed on the details and status of this matter.

An extension of time in which to complete discovery is necessary, good cause exists for the extension pursuant to Local Rule 26-4 and/or the failure to complete discovery was the result of excusable neglect and is supported by good cause as described herein. The parties need time in which to conduct the final depositions and finish the remaining written discovery.

An extension of time in which to complete discovery is necessary, good cause exists for the extension pursuant to Local Rule 26-4 and the request for extension for extension of the close of discovery in order to complete necessary depositions and discovery.

HALL & EVANS, LLC
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022

HALL & EVANS, LLC
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022

An extension is also warranted, and good cause exists because the Parties have been diligent in attempting to complete all needed discovery, while at the same time respect judicial resources and the resources of the Parties and attempt to resolve this without further litigation.

Discovery is currently set to close on November 4, 2027, but the Parties agree that this stipulation contains a showing of good cause and further agree that this stipulation is entered into in good faith and not for purposes of delay or other improper purposes.

**(a) DISCOVERY THAT HAS BEEN COMPLETED:**

Counsel for the respective parties participated in a discovery planning conference pursuant to Fed.R.Civ.P. 26(f). Lists of witnesses and document productions were thereafter exchanged by and between the parties, as well as several supplemental productions made by the parties hereto.

Plaintiff has propounded multiple sets of written discovery on Defendant which has been responded to, and after various meet and confer efforts, Defendant has provided multiple supplemental responses and supplemental disclosures. Plaintiff also took the deposition of one designated FRCP 30(b)(6) witness, but that deposition took longer than expected and the deposition of the second designated FRCP 30(b)(6) witness was not completed as originally scheduled.

During discovery, Defendant has gathered medical records from treating providers which have come in at various times and been delayed in some instances. Defendant also propounded written discovery on Plaintiff and Plaintiff has responded to the same. Plaintiff's deposition has also been completed and experts/rebuttal experts have been disclosed.

///

///

///

///

**(b) DISCOVERY THAT REMAINS TO BE COMPLETED PURSUANT TO LR 26-3(b):**

The Parties anticipate the following is discovery that needs to be completed: second half of the FRCP 30(b)(6) deposition of Defendant, deposition of Plaintiff's girlfriend, and responses to additional written discovery.

**(c) REASONS DISCOVERY WILL NOT BE COMPLETED WITHIN THE TIME LIMITS SET BY THE DISCOVERY PLAN:**

The Parties' extensive meet-and-confer discussions, involving various supplemental disclosures and discovery responses from Defendant, were previously delayed primarily by the birth of Defendant's counsel's fourth child and health issues for Defendant's counsel and family. As mentioned above, the Parties also scheduled a private mediation. Prior to that mediation, Plaintiff took the deposition of Defendant's first designated FRCP 30(b)(6) witness but were unable to complete the second half of the deposition with the second designated witness due to the first portion of the deposition taking longer than expected. The Parties then attended mediation and were hopeful they would be able to resolve but ultimately were not able to reach resolution at mediation or in the subsequent negotiations that followed. After mediation, Plaintiff's counsel served additional written discovery on Defendant, but the response date for responding to those requests fall after the close of discovery. Likewise, Plaintiff needs to complete the FRCP 30(b)(6) deposition, and Defendant needs to depose Plaintiff's girlfriend who was with him on his trip to Las Vegas and is represented by Plaintiff's counsel for purposes of the deposition.

///

///

///

///

///

HALL & EVANS, LLC
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022

**(d) PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY:**

The parties hereby stipulate and request that discovery dates in this matter be continued for an additional 60 days, as follows:

| CURRENT DATE | PROPOSED DATE |
|---|---|
| Close of Discovery: November 4, 2026 | January 4, 2027 |
| Amend Pleadings/Add Parties: September 9, 2025 | Unchanged |
| Expert Disclosures: January 7, 2026 | Unchanged |
| Rebuttal Expert Disclosures: February 9, 2026 | Unchanged |
| Dispositive Motions: December 4, 2026 | February 4, 2027 |
| Pre-Trial Order: January 4, 2027 | March 5, 2027 |

DATED this 29th day of October, 2026.

**HANRATTY LAW GROUP**

*/s/ Ani Biesiada*

Kevin M. Hanratty, Esq.
Nevada Bar No. 7734
Ani Biesiada, Esq.
Nevada Bar No. 14347
1815 Village Center Circle, Suite 140
Las Vegas, NV 89134
*Attorneys for Plaintiff*

DATED this 29th day of October, 2026.

**HALL & EVANS, LLC**

*/s/ Kurt R. Bonds*

Kurt R. Bonds, Esq.
Nevada Bar No. 6228
David M. Sexton, Esq.
Nevada Bar No. 14951
1160 North Town Center Drive, Suite 330
Las Vegas, Nevada 89144
*Attorneys for Defendant GNLV LLC*

**HALL & EVANS, LLC**
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022

**ORDER**

Based on the foregoing stipulation of the Parties, IT IS SO ORDERED.
**This Court, however, is not inclined to grant further extensions.**

DATED: October 30, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE